# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH SHERMAN, *et al.*,<br>Plaintiff,<br>v.<br><br>AMERICAN EAGLE EXPRESS, INC.,<br>d/b/a AEXGROUP,<br>Defendant. | Civil Case No. 09-0575 |

## STIPULATION OF SETTLEMENT OF CLASS ACTION AND RELEASE OF CLAIMS

This Stipulation of Class Action Settlement and Release of Claims (hereinafter "Settlement") is entered into between the Plaintiffs Elizabeth Sherman, Anthony Sturgis, Mohamed Abushalieh and William Walsh, individually, and on behalf of the settlement class described herein ("Plaintiffs"), and Defendant American Eagle Express, Inc. ("Defendant").

### I.  FACTUAL BACKGROUND

1.  The named plaintiffs ("Class Representatives") filed the above-captioned class action (the "Action") on February 10, 2009.

2.  The Action claims, *inter alia*, that Plaintiffs and class members were misclassified as independent contractors when they were in fact employees and that as a result, deductions Defendant allegedly took from the fees class members received for their services violated the Pennsylvania Wage Payment Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq*. The named Plaintiffs further claimed that, as a result of their alleged misclassification they were allegedly denied overtime in violation of the Pennsylvania Minimum Wage Act, ("MWA") 43 P.S. §§ 333.101 *et seq*, and that Defendant has been unjustly enriched and that Defendant violated the

1

Pennsylvania Workman's Compensation Act, 77 P.S. §§ 501 *et seq.* Additionally, Plaintiffs sought declaratory and injunctive relief.

3. On March 8, 2012, the Court certified Plaintiffs' WPCL claims as a class action and denied Plaintiffs' motion for class certification of their WMA claims.

4. This Action was scheduled for trial on January 24, 2013.

5. Defendant has specifically denied any liability or wrongdoing of any kind associated with the alleged claims, including but not limited to misclassification, failure to pay overtime, and making wrongful deductions from class members' fees.

6. Plaintiffs are represented by Harold Lichten, Esq. of Lichten & Liss-Riordan, P.C., Elizabeth Tully, Esq. of Lichten & Liss-Riordan, P.C., and David J. Cohen, Esq. of Kolman Ely P.C. ("Class Counsel"). After Plaintiffs conducted their own investigation into the facts and instituted the Action, the parties engaged in substantial discovery and attended multiple full-day mediation sessions. Specifically, the parties participated in mediation on December 1, 2009 before Judge Diane Welsh; the parties participated in mediation on January 8, 2013 with JAMS mediator Jerry Roscoe; and finally, the parties participated in Settlement Conference on January 22, 2013 before the Honorable Magistrate Judge Timothy R. Rice. As a result of the mediation efforts the parties were able to reach a proposed settlement.

7. During mediation, and in preparation for trial, Class Counsel reviewed numerous documents, and numerous data compilations in order to determine the amounts to be paid to eligible Class Members. Defendants, in turn, produced extensive data and computerized records in order to permit the parties to make appropriate calculations.

8. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement is fair, reasonable, and adequate, and is in the best interest of this

Settlement class in light of all known facts and circumstances, including the significant risk of delay, the substantial possibility of Defendants' defenses being successful, and the possibility that certain of the damages claimed by Plaintiffs are not recoverable. Although they deny any liability, Defendants and their counsel have agreed to settle the claims on the terms set forth herein in the interest of trying to resolve disputed claims without further protracted litigation.

9.  Plaintiffs and Defendants believe that the Settlement being proposed to this Court is fair, reasonable, and adequate. The Settlement is the product of arm's-length negotiations which took into account all relevant factors. Plaintiffs and Defendants recognize the uncertainty, risk, expense, and delay attendant to continuing the Action through trial and any appeal. Accordingly, Plaintiffs and Defendants desire to fully, finally, and forever settle, compromise and discharge all disputes and claims arising from the Action.

## II. CONDITIONS PRECEDENT TO EFFECTIVENESS OF SETTLEMENT

10. This Settlement shall become final and effective upon the occurrence of all of the following events (the "Effective Date"):

   a.  The Court enters an Order granting preliminary approval of the Settlement ("Preliminary Approval Date"); and

   b.  The Court enters an Order granting final approval of the Settlement and a Judgment dismissing the action with prejudice ("Final Approval Date").

11. In the event that this Settlement is not approved by the Court either preliminarily or at a final approval hearing, or fails to become effective, or is otherwise withdrawn or modified by the Court, then:

    a.    The Settlement shall be void and of no force or effect, and shall not be admissible in any judicial administrative or arbitral proceeding for any purpose or with respect to any issue substantive or procedural; and

    b.    None of the parties to this Settlement will be deemed to have waived any claims, objections, defenses or arguments in this Action.

### III. CERTIFICATION OF THE SETTLEMENT CLASS

12. Defendants stipulate for settlement purposes only to the certification of the Settlement Class with regard to Class Representatives' claims under the WPCL.

13. Plaintiffs stipulate for settlement purposes only that the class period is from May 1, 2008, through September 16, 2012 (the "Class Period"). However, in the event that the Court does not approve the Settlement or the Effective Date does not occur, Plaintiffs do not waive and instead expressly reserve their claims from May 1, 2008 through the present and on an ongoing basis.

14. The class for purposes of this Settlement (the "Settlement Class") consists of all persons who (1) performed transportation services as an independent contractors for Defendant's customers within the Commonwealth of Pennsylvania, (2) did so as an independent contractor during the Class Period, and (3) were signatories to a Transportation Brokerage Agreement ("TBA"), either individually or on behalf of a corporate entity and/or partnership for whom they were the principle owner and operator.

### IV. SETTLEMENT CONSIDERATION AND OTHER TERMS OF SETTLEMENT

15. The total payment to be made by Defendant under this Settlement shall not exceed SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) (the "Class Settlement Amount"). Subject to the Court's approval, all attorneys' fees, costs, and expenses, including

any enhancement payments, shall be paid from this amount. Attorneys' fees, costs and expenses, including the cost of class administration, shall not exceed one-third (i.e., $233,333) of the total proposed Class Settlement Amount.

16. Settlement payments shall be made in two installments. Defendant shall pay the first half of the settlement fund no later than October 31, 2013. Defendant shall pay the second half of the settlement fund no later than October 31, 2014.

17. The Class Settlement Fund shall be used to pay the WPCL claims of the Settlement Class members (including the Class Representatives) and shall be used to pay enhancement payments, subject to court approval, totaling $32,000 to Class Representatives. Failure of the Court to approve such incentive payment in those amounts, shall not be a basis for voiding this agreement. Based on their individual levels of participation in the litigation and subject to court approval, the Class Representatives will receive enhancement payments in the following amounts; Elizabeth Sherman shall receive $10,000; Anthony Sturgis shall receive $10,000; Mohamed Abushalieh shall receive $5,000; William Walsh shall receive $5,000. Additionally, Ed Pahula, a former independent contractor who spent significant time preparing to serve as a witness at trial, and was Class Counsel's primary class member witness, will receive an enhancement payment of $2,000. Additionally, the Class Settlement Fund shall be used to pay all administrative expenses necessary to effectuate this Settlement and provide notice and payment, and all attorneys' fees and costs awarded to the plaintiffs' law firms.

18. Plaintiffs waive their individual claims under the Pennsylvania MWA for unpaid overtime, their claims of unjust enrichment, their claims under the Pennsylvania Workman's Compensation Act and their claims for injunctive and declaratory relief.

19. This settlement is unrelated to and will not impact any Class Representatives' or class members' claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") in Spellman v. American Eagle Express, Inc., Civ. A. No.10-1764, (E.D. Pa. April 20, 2010). Class representatives and class members in the current action that opted in to the Spellman case do not hereby settle or release their claims for overtime under the FLSA.

20. Counsel for Defendants and Plaintiffs shall work cooperatively between now and the date set by the Court for preliminary approval of this Settlement to ensure that notices can be sent to class members informing them of the settlement promptly after the Court enters an order granting preliminary approval of the Settlement.

## V. PROPOSED ATTORNEYS' FEES AND COSTS

21. Subject to the Court's approval of the Settlement, Defendants do not oppose a fee, expenses, and costs award to Class Counsel in the amount of one-third of the Class Settlement Fund ($233,333). This amount shall include attorneys' fees, litigation expenses, mediator fees, and all costs of administering the class Settlement and shall reduce the amount of the Class Settlement Fund.

22. The effectiveness of this Settlement is not conditioned upon any specific attorneys' fee and expense award by the Court.

23. Payment of the attorneys' fees and expenses awarded to Class Counsel by the Court shall constitute full satisfaction of any obligation and/or potential obligation by Defendant to pay any amounts to Class Counsel in connection with this action.

## VI. PROPOSED ENHANCEMENTS FOR CLASS REPRESENTATIVES

24. Class Counsel will file a motion for a payment from the Class Settlement Fund of enhancement payments not to exceed a total of $32,000 to the Class Representatives and one

class member for their services in pursuing this action on behalf of the class. Based on their individual levels of participation in the litigation and subject to court approval, the Class Representatives will receive enhancement payments in the following amounts; Elizabeth Sherman shall receive $10,000; Anthony Sturgis shall receive $10,000; Mohamed Abushalieh shall receive $5,000; William Walsh shall receive $5,000. Additionally, Ed Pahula, a former independent contractor who spent significant time preparing to serve as a witness at trial, and was Class Counsel's primary class member witness, will receive an enhancement payment of $2,000. As previously noted, all enhancement payments shall be paid out of the Class Settlement Fund. Defendants will not oppose the motion.

## VII.   ALLOCATION OF CLASS SETTLEMENT FUND AND CLAIMS PROCEDURE

25.   As used herein, the term "Net Settlement" means the Class Settlement less any enhancement awards, attorneys' fees, expenses, and administrative costs awarded and authorized by the Court.

26.   Plaintiffs and Defendants agree that each settlement payment made to a participating class member (as defined below) shall be reported on an IRS Form 1099 as "other income." The amount of any enhancement awards to the Class Representatives shall also be reported on an IRS Form 1099 as "other income." All IRS Form 1099s shall be provided to participating class members and applicable governmental authorities. AEX will provide checks and IRS form 1099s to Plaintiffs' counsel, who will then mail them to eligible class members who signed the general release/claim form. Plaintiffs and Defendant agree that nothing contained herein is intended to constitute legal advice regarding the taxability of any amount paid hereunder, nor shall it be relied upon as such. The tax issues for each participating class member are unique, and each participating class member will be responsible for obtaining his/her own tax

7

advice with respect to any payments resulting from this Settlement. Each participating class member shall indemnify and hold Defendant harmless against any and all tax or related claims (including claims for penalties and interest) made by any federal or state collection agency with respect to or as a consequence of the payment or receipt of such monies, including, but not limited to, any legal defense costs and attorneys' fees associated therewith.

27. No later than April 12, 2013, Class Counsel shall file with the Court a Motion for Preliminary Approval with supporting papers and shall include this Settlement. Class Counsel shall provide a copy of the Motion for Preliminary Approval to Defendants' counsel before filing this Motion and shall not file the Motion for Preliminary Approval without the assent of Defendants.

28. No later than April 18, 2013, Defense Counsel will provide Class Counsel with updated addresses for all class members.

29. Within Fourteen (14) days of the Court's Order granting the Motion for Preliminary Approval, Lichten & Liss-Riordan, P.C., shall mail to each class member a notice of proposed class action Settlement and final approval hearing (the "Notice") in a form which has been approved by counsel for Defendant, Plaintiffs and the Court, which is attached hereto as Exhibit B, along with a Claim Form, approved by counsel for Defendant, Plaintiffs, and the Court, in the form attached hereto as Exhibit C. The Notice will also contain a W-9 and a return envelope and shall be mailed to each class members' last known address. After mailing the Notice and settlement documents, Lichten & Liss-Riordan, P.C., shall continue to run the class members' names and addresses through appropriate people-finder databases to update its list of addresses as necessary and to continue to attempt to find class members who are entitled to a

8

distribution. Defendant shall cooperate with class counsel by providing any known updated addresses for class members on an ongoing basis.

30. The Notice Form shall include a description of the formula for payment and an email address that class members may contact for more information about their share, and it shall provide the text of the release applicable to each class member, as well as a statement of the steps that the class member must take to obtain a Settlement payment, including a notice of all applicable deadlines.

31. The Notice shall inform participating class members of their right to object to the terms of the Settlement, which must include a written objection to be sent to Lichten & Liss-Riordan, P.C. setting forth any legal or factual arguments supporting the objection. Any objections must be sent to Lichten & Liss-Riordan, P.C. no later than five (5) days before the final approval hearing set by the Court and such objections will be provided to the Court by Lichten & Liss-Riordan P.C. Unless otherwise permitted by the Court, class members shall not be entitled to speak at the final approval hearing unless they have timely filed and served a written objection. Class members who fail to provide a timely written objection shall be deemed to have waived any objection.

32. In order to receive a payment under this Settlement, class members must complete and sign a Claim Form and submit that form to Lichten & Liss-Riordan, P.C. no later than sixty (60) days following mailing of the notice described above. In no event shall Lichten & Liss-Riordan, P.C. approve a Claim Form for payment if the Claim Form lacks the class member's signature. In the event a Claim Form is timely but not complete, Lichten & Liss-Riordan, P.C. shall notify the class member about the deficiency and the class member shall have an additional sixty (60) days to cure the deficiency. Lichten & Liss-Riordan, P.C. shall have the discretion to

approve any late filings of Claim Forms, but only with Defendant's counsel's consent and upon a showing of good cause by the class member. Examples of "good cause" include but are not limited to the class members' failure to timely receive mail through no fault of the class member, illness, or extreme personal hardship. "Good cause" shall not include a class member's failure to timely obtain or open his mail, or a class member's failure to understand or recognize the deadlines and responsibilities set forth in the Notice. Defense counsel's consent shall be promptly given and shall not be unreasonably withheld. Any disputes between the parties regarding approval of late claims forms shall be promptly submitted to Judge Sanchez's assigned Magistrate Judge for resolution.

33.   Any delays in mailing notice to class members, resulting from Defense counsel's failure to promptly and reasonably approve the process set forth in ¶ 39 (a-g), or failure to provide contact information as set forth in ¶¶ 28, 35 shall not shorten the 60 day period provided to class members to return claims forms (as set forth in ¶ 32).

34.   With regard to Claim Forms that are returned to Lichten & Liss-Riordan, P.C. as undeliverable, Lichten & Liss-Riordan, P.C. will perform appropriate, customary, and lawful database searches or tracers to locate a current address. When current addresses are located, Lichten & Liss-Riordan, P.C., shall promptly re-mail the Settlement documents to the class member.

35.   Twenty-one (21) days after the initial mailing, Defendant shall, if contained with Defendant's business records, provide Class Counsel with the last known telephone number and email addresses of Class Members identified by Class Counsel as individuals who have not yet returned claims forms.

36.     Class Counsel may contact each of the Class Members who have not yet returned a claims form by telephone and email. Class Counsel will base its phone conversation and email exchange with class members on scripts approved by Defense Counsel. Any class member that indicates they did not receive a claims form shall have an additional (60) days to return the claims form, running from the date on which Defendant provides Class Counsel with supplemental contact information, as described in ¶ 34 of this agreement.

37.     The parties shall submit their previously exchanged drafts of both the telephone and email script described in ¶ 36 (attached hereto as Exhibit D), to Magistrate Judge Rice no later than Monday April 15, 2013. The parties agree that Magistrate Judge Rice shall revise and approve the final draft of both the telephone and email scripts to be used by Plaintiffs' counsel as described in ¶ 36.

38.     Class Counsel shall audio record their voice on the telephone calls made to Class Members and produce those recordings to Magistrate Judge Rice to review a sample thereof in order to ensure Class Counsel is utilizing the agreed upon script for telephone calls to class members.

39.     Each individual eligible class member who submits a timely and valid Claim Form will receive an initial amount calculated pursuant to the formula below (his or her "Claim Amount"):

   a. Class counsel, with approval of defense counsel, will determine the exact amount of deductions taken from each individual class members' fees during the class period who submitted a claims form, based on documentation previously provided by Defendant;

   b. Class counsel, with approval of defense counsel, will determine what percentage each individuals' deductions are of the total deductions taken from all class members' fees;

   c. That percentage will be multiplied by the "net settlement amount" (the class settlement, minus attorney's cost, fees, administrative expenses and enhancement

11

payments) to determine, with approval of defense counsel, the amount each individual class member would receive in the event the net settlement amount were completely distributed; class counsel will then provide a schedule of the payments to be made to defense counsel before taking any action to contact class members regarding payments from the net settlement amount;

 d. Class counsel, with approval of defense counsel, will calculate the total amount of the funds claimed by class members (based on all timely submitted claims forms) and determine what percentage of the net settlement amount was claimed by class members– Defendant will be entitled to a partial reversion of the remainder of the net settlement amount (the class settlement, minus attorney's cost, fees, administrative expenses, enhancement payments and funds claimed by class members) according to the percentage of funds claimed in the following amounts:

| Percentage of Net Settlement Fund Claimed | Reversion to American Eagle Express, Inc. |
|---|---|
| Less than 25% | 60% |
| 25-40% | 50% |
| 40-60% | 50% |
| More than 60% | 20% |

 e. After determining the reversion based on the percentage of the net settlement amount claimed, Class Counsel with the approval of defense counsel will determine the net remainder (net settlement minus the applicable reversion);

 f. The net remainder will be distributed to class members who timely submitted a claims form in the following manner, Class Counsel, with the approval of defense counsel, will multiply the net remainder (the net settlement, minus funds claimed, minus the applicable reversion) by the percentage that each claimant's deductions represent of the total deductions taken from class members' fees.

 g. Defense counsel's approval (as referenced in the preceding ¶¶ a-f) shall be promptly given at each stage of the above delineated process and shall not be unreasonably withheld. Any and all disputes regarding Defense counsel's approval of the process delineated in the preceding ¶¶ a-f shall be promptly submitted to Judge Sanchez's assigned Magistrate Judge for resolution.

40. Based on the above described calculation, Class Counsel will provide to Defendants the amount owed to each class member. No later than October 31, 2013, Defendant will provide to Class Counsel with, (1) one half of the total amount owed for attorneys' fees, (2) one half of the total amount owed for incentive payments to class representatives, and (3) a

12

4846-3293-1603.1

check for each class member that has timely submitted a claim, for one half of the total amount owed (as described in the preceding paragraphs) to that individual class member.

41. No later than October 31, 2014, Defendant will provide to Class Counsel, (1) one half of the total amount owed for attorneys' fees, (2) one half of the total amount owed for incentive payments to class representatives, and (3) a check for each class member that has timely submitted a claim, for one half of the total amount owed (as described in the preceding paragraphs) to that individual class member.

42. Counsel for Defendants and Class Counsel will not solicit or otherwise encourage, directly or indirectly, class members to object to or opt out of this Settlement; and will not discourage, directly or indirectly, class members from filing claims or submitting a Claim Form.

43. Plaintiffs and Defendants agree that the formula for allocating the Net Settlement Fund to the Settlement Class is reasonable and that the Settlement payments, as agreed to by both Class Counsel and Defense counsel, are designed to provide a fair Settlement to all persons within the Settlement Class.

44. No later than seven (7) days before the final approval hearing set by the Court, Lichten & Liss-Riordan, P.C. shall email a report to Defendants' counsel containing the following information: (1) the names of class members who have submitted claims forms, and (2) the names of any class members who have objected to the Settlement, along with copies of the objections.

### IX. FINAL COURT APPROVAL

45. In the motion for preliminary approval of the settlement, Class Counsel shall request that the Court set a final approval hearing approximately 100 days after the date on which the preliminary approval motion was filed (in order to allow for CAFA notices to be filed

and for the necessary time to elapse). Prior to the final approval hearing, Class Counsel shall draft a Motion for Final Approval, which will contain a request for attorneys' fees and expenses and a request for enhancement payment for the Class Representative. The Motion for Final Approval shall request that the Court enter an order: (a) granting final approval of the Settlement; and (b) entering final judgment dismissing the Action with prejudice. Class Counsel shall provide a copy of the Motion for Final Approval to Defendants' counsel before filing the motion and shall not file the Motion for Final Approval without the assent of Defendants. After entry of the Judgment and Order granting final approval of class action Settlement, the Court shall have continuing jurisdiction over this action solely for the purposes of: (a) enforcing this Settlement; (b) addressing Settlement administration matters; and (c) such other post-judgment matters as may be appropriate under Court rules or applicable law.

46. In the Motion for Final Approval, Lichten & Liss-Riordan, P.C. will include a statement informing the Court of the number of Notices sent out to the class members, the steps taken to re-mail and otherwise locate class members, the number of Notices ultimately found to be undeliverable, the number of Claim Forms received, the number of defective Claim Forms received, the number of objections received, and the proposed distribution to class members based upon the calculations described herein.

47. If for any reason the Court does not approve this Settlement either preliminarily or finally, then counsel for Defendants and Class Counsel may (a) modify the Settlement in writing in a manner acceptable to the Court, or (b) move forward with the Action as though no Settlement had been reached, with all of the Parties to the Action being placed in the same position they were before this Settlement was proposed, negotiated, or agreed upon. However,

the parties agree to work together in good faith to attempt to resolve any issues raised by the Court so that the settlement may ultimately be approved.

## X. PAYMENTS TO PARTICIPATING CLASS MEMBERS

48. Defendant shall provide settlement checks (and applicable 1099 tax forms) to Class Counsel based on settlement calculations performed by Class Counsel. Lichten & Liss-Riordan, P.C. shall be responsible for mailing the Settlement payments, including any enhancement payments awarded to the Class Representative by the Court, to participating class members.

49. No later than thirty (30) days following each of Defendant's two payments of the Class Settlement, Lichten & Liss-Riordan, P.C. shall mail to each class member at his or her last known address, a Settlement check representing the amount calculated by Lichten & Liss-Riordan, P.C. If any of the checks mailed as described above is returned to Lichten & Liss-Riordan, P.C. for reasons of improper address or other reason, Lichten & Liss-Riordan, P.C. will take all appropriate steps to locate such class member for the purposes of sending the check to him/her.

50. Participating class members shall have 90 days to cash their settlement checks, and Lichten & Liss-Riordan, P.C. shall attempt to locate the addresses of any of the individuals whose checks are returned during the 90-day period. If, at the end of 90 days, a participating class member has not cashed his settlement check, the settlement check will be considered void and a stop payment placed on the check. In that event, the class member shall be deemed to have waived his or her right to claim a share in the Net Settlement, but the Settlement shall nevertheless be binding upon that participating class member. In the event that class members

checks remain un-cashed after 90 days, Defendant is entitled to a reversion in accordance with ¶ 37 of this agreement.

## XI. RELEASE OF CLAIMS

51. Upon the Effective Date, all members of the Settlement Class, for themselves, their respective heirs, spouses, executors, successors, and assigns (hereinafter the "Releasors") shall hereby release and forever discharge American Eagle Express, Inc. and each of its parents, subsidiaries, divisions, affiliates, directors, officers, shareholders, employees, owners, agents, insurers, attorneys, and representatives, and any and all other persons acting on its behalf (collectively, the "Releasees") from any and all claims they have or had against Defendant under the WPCL.

52. Additionally, upon the Effective Date, the Class Representatives for themselves, their respective heirs, spouses, executors, successors, and assigns (hereinafter the "Releasors") shall hereby release and forever discharge American Eagle Express, Inc. and each of its parents, subsidiaries, divisions, affiliates, directors, officers, shareholders, employees, owners, agents, insurers, attorneys, and representatives, and any and all other persons acting on its behalf (collectively, the "Releasees") from any and all claims brought under the WMA, any and all claims of unjust enrichment, any and all claims of under the Pennsylvania Workman's Compensation Act and any and all claims of injunctive and declaratory relief.

53. This release of claims does not relate to and will not affect Class Representatives' or class members' claims asserted in Spellman v. American Eagle Inc., Civ. A. No. 09-0575 (E.D. Pa.).

## XIII. NOTICES REQUIRED BY STATUTE

54. Upon the filing of the motion for preliminary approval, defense counsel will mail notices of the proposed Settlement to an "Appropriate Federal Official" and an "Appropriate State Official" (collectively, "Government Officials") no later than ten (10) days thereafter as required by 28 U.S.C. § 1715(b). Pursuant to 28 U.S.C. 1715(d), an order giving final approval cannot be issued until at least 90 days after Defendants' notices are served.

55. Counsel for Defendants shall prepare the notices referenced in the preceding paragraph, which shall include as exhibits the Motion for Preliminary Approval, this Settlement, and all Complaints filed in the Action. Such mailings shall also include information regarding the portion of the Net Settlement Fund that is anticipated to be distributed to Class Representatives and class members following the Effective Date.

## XIV. **MISCELLANEOUS**

56. This Settlement shall be binding upon and inure to the benefit of the executing parties thereto and their respective heirs, trustees, executors, administrators, and successors. The parties executing this Settlement represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights hereinafter released and discharged.

57. Other than as stated herein, the parties executing this Settlement warrant that no representation, promise, or inducement has been offered or made to induce any party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore. This Agreement contains and constitutes the entire understanding and agreement between the parties executing this Settlement and supersedes all previous oral and written negotiations, agreements, commitments, and writings in connection therewith. This

Agreement may not be amended or modified except by a writing signed by authorized representatives of all parties to this Settlement and approval of the Court.

58. Nothing contained herein is to be construed or deemed an admission of liability, negligence or wrong doing on the part of Defendants. Each of the parties executing this agreement has entered into this Settlement with the intention to avoid further disputes and litigation. This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding except one to enforce its terms, pursuant to Federal Rule of Evidence 403.

59. The Court shall retain jurisdiction over this matter for the sole purpose of resolving any disputes arising out of this agreement.

60. This agreement is entered into in accordance with the laws of the Commonwealth of Pennsylvania which laws shall govern any interpretation of this agreement.

Dated: April 12, 2013

_____
On behalf of Elizabeth Sherman
And all other similarly situated
Harold L. Lichten, Esq.
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
hlichten@llrlaw.com
(617) 994-5800

David J. Cohen, Esq.
KOLMAN ELY, P.C.
414 Hulmeville Avenue
Penndel, PA 19047
dcohen@kolmanlaw.net
(215) 750-3134

/s Alan L. Rupe
Alan L. Rupe
Jason D. Stitt
KUTAK ROCK LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Phone: (316) 609-7900
Fax: (316) 630-8021
alan.rupe@kutakrock.com
jason.stitt@kutakrock.com

Michael T. McDonnell, III
KUTAK ROCK LLP
Suite 28B
Two Liberty Place
50 South Sixteenth Street
Philadelphia, PA 19102-2519
Phone: (215) 299-4384
Fax: (215) 981-0719
michael.mcdonnell@kutakrock.com

*Attorneys for American Eagle Express, Inc.*